UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-61752-VALLE

CONSENT CASE

JANE DOE,

    Plaintiff,

v.

MARTIN O'MALLEY,
Commissioner of Social Security,

    Defendant.

_____

### ORDER GRANTING MOTION TO PROCEED ANONYMOUSLY

THIS MATTER is before the Court upon Plaintiff Jane Doe's Motion to Proceed Anonymously (ECF No. 4) (the "Motion"). Pursuant to Administrative Order 2023-18, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* (ECF No. 2). Having reviewed the record and being otherwise duly advised, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED**.

### I. BACKGROUND

In April 2024, an Administrative Law Judge ("ALJ") denied Plaintiff's application for disability benefits. *See generally* (ECF No. 1-1) (the "ALJ's Decision"). Thereafter, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's Decision the Commissioner's "final decision." (ECF No. 1-2). On September 20, 2024, Plaintiff filed the instant action seeking remand or reversal of the ALJ's Decision. *See generally* (ECF No. 1). Although Plaintiff has not yet served Defendant with the Complaint (and the time for service has not yet expired), Plaintiff

has filed the instant ex parte Motion requesting that her "identity be kept anonymous due to her real risk of violence if her name is revealed." (ECF No. 4 at 1).

Given the current posture of the case in which Defendant has yet to be served and without the benefit of Defendant's response, the Motion is preliminarily **GRANTED**. Simultaneous with its Answer or response to the Complaint, Defendant may move for the Court to reconsider whether Plaintiff should continue to proceed anonymously.

## II.     DISCUSSION

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310 (11th Cir. 2011) (citations omitted). "This creates a strong presumption in favor of parties proceeding in their own names." *Id.* "Nonetheless, the rule is not absolute. A party may proceed anonymously in a civil suit in federal court by showing that [s]he 'has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* at 1315-16. In evaluating whether a plaintiff has shown that she has such a right, the court should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* at 1316 (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir.1979)).[1]

The first step in analyzing a plaintiff's claim of a substantial privacy right is a three-part test that considers whether plaintiff: (i) seeks anonymity challenging governmental activity;

---

[1] Pursuant to *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

2

(ii) will be required to disclose information of the utmost intimacy; and (iii) will be compelled to admit her intention to engage in illegal conduct and thus risk criminal prosecution. *Plaintiff B*, 631 F.3d at 1316 (citations omitted). However, this three-part test is only the first step for evaluating whether a plaintiff should proceed to trial anonymously. *Id.* Courts have also considered other factors, including whether plaintiff was threatened with violence or physical harm by proceeding in her own name, and whether anonymity posed a unique threat of fundamental unfairness to the defendant. *Id.* (citation omitted). Ultimately, "[w]hether a party's right to privacy outweighs the presumption of openness is a 'totality-of-the-circumstances question.'" *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (citation omitted).

Here, two of the three initial considerations are relevant to the instant Motion. More specifically, Plaintiff meets the first consideration as she is challenging government activity by appealing the ALJ's Decision and pursuing claims against the Commissioner of Social Security. Plaintiff also meets the second consideration in that the nature of the claims will require disclosure of intimate information through medical and other personal/private records. Additionally, in social security appeals such as the instant case, the Federal Rules of Civil Procedure emphasize privacy by limiting electronic access for case filings to certain authorized individuals. *See* Fed. R. Civ. P. 5.2(c);[2] *see also Moe v. Saul*, No. 20-CV-1468, 2021 WL 533745, at *1 (W.D. Pa. Feb. 11, 2021) (recognizing that social security appeals are not fully accessible to the public).

---

[2] In relevant part, unless the Court orders otherwise, Federal Rule of Civil Procedure 5.2(c) limits remote access to electronic files in Social Security Appeals to:
    (1) the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record;
    (2) any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to:
    (A) the docket maintained by the court; and
    (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.

Beyond these initial factors, the Court also considers whether plaintiff may be threatened with violence or physical harm if she proceeds in her own name. For example, Plaintiff argues that she is the victim of domestic violence and has a lifetime order of protection against the father of her children issued by the State of Connecticut Superior Court on May 4, 2021, and remaining in effect until December 31, 2080. (ECF No. 4 at 2). Plaintiff also argues that while living in Connecticut, she was placed in that state's Address Protection program as a victim of domestic violence. *Id.* Plaintiff now resides in Florida and is part of this State's Address protection program. *Id.* Plaintiff has attached the relevant orders in support of her Motion. *See* (ECF Nos. 4-2 to 4-3). Based on this record, Plaintiff has sufficiently shown that she may be threatened with violence or physical harm if she proceeds in her own name.

Next, the undersigned considers whether proceeding anonymously poses a unique threat of fundamental unfairness to Defendant. In addressing this consideration, Plaintiff proposes that Defendant can obtain Plaintiff's identity by using the Beneficiary Notice Control Number included in the ALJ's Decision. (ECF No. 4 at 3); *see also* (ECF No. 1-1 at 6). Such a procedure would presumably cure any potential unfairness that Defendant may suffer in Plaintiff proceeding anonymously. Although the yet unserved Defendant cannot confirm whether this proposal cures any potential unfairness, accepting (without deciding) that use of the Beneficiary Notice Control Number is a viable alternative, the undersigned finds that this factor also weighs in favor of allowing Plaintiff to temporarily proceed anonymously. Upon answering or otherwise responding to the Complaint, Defendant may request that the Court reconsider whether Plaintiff should continue to proceed anonymously.

In sum, Plaintiff has shown a substantial privacy interest in concealing her whereabouts/ identity from an abuser that outweighs the need for openness in this social security appeal. *See, e.g., Moe v,* 2021 WL 533745, at *1 (granting claimant's motion to proceed anonymously in social

4

security appeal). Thus, after considering the relevant factors and reviewing the record before the Court, the undersigned finds that Plaintiff has sufficiently established a basis to temporarily proceed anonymously.

Upon service of the Complaint on Defendant, the parties must discuss other potential procedures to further ensure that Plaintiff's identity remains anonymous consistent with this Order. *See, e.g.*, *Moe* 2021 WL 533745, at *1 (ordering that plaintiff be referred to as "Jane Moe" on the docket sheet, in the caption, and in the body of any pleadings, motions, briefs, opinions or orders filed in this case). If the parties are unable to agree on how to proceed to maintain anonymity, they may seek Court intervention.

### III.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that Plaintiff Jane Doe's Motion to Proceed Anonymously (ECF No. 4) is temporarily **GRANTED**. Simultaneous with its Answer or response to the Complaint, Defendant may move for the Court to reconsider whether Plaintiff should continue to proceed anonymously.

Additionally, in an abundance of caution, the Clerk of Court must **SEAL** ECF No. 4-1, which contains potentially personally identifying information.

**DONE AND ORDERED** at Chambers in Fort Lauderdale, Florida on October 2, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record